James F. Walsh, Director Department of Social Services Broadway State Office Building Jefferson City, Missouri 65101
Dear Mr. Walsh:
This letter is in response to your question asking:
 "Does Section 198.310 preclude the Department of Social Services from expending state funds to a nursing home district where such funds are to be used in the retirement of bonded indebtedness of the district?"
You also state:
 "The Department of Health, Education and Welfare has dictated that payments to nursing homes under Title XIX Program shall be based on a cost allocation plan and one of the items to be considered is interest payments on indebtedness. The Department, through its Division of Family Services, has included in its plan the exclusion of interest payments where the nursing home has authority to recover its bonded indebtedness and interest thereon through the levying of taxes. Department of Health, Education and Welfare, based on its Title XVIII Manual which is contrary to the above, questions the Department's authority to exclude where state funds are used."
We understand that some nursing homes are providing for the payment of indebtedness for capital expenditures out of the nursing home district operating revenues.
Under Section 198.300, RSMo, the nursing home district has certain powers. Powers that are relevant to your inquiry include: the power to establish and maintain a nursing home within its corporate limits, and to construct, acquire, develop, expand, extend and improve the nursing home. The power to acquire land in fee simple, rights on land and easements upon, over or across land and leasehold interests in land, and tangible and intangible personal property used or useful for the location, establishment, maintenance, development, expansion, extension or improvement of the nursing home. The acquisition may be by dedication, purchase, gift, agreement, lease, use or adverse possession, or by condemnation. Also relevant is the power of the nursing home to fix, charge, and collect reasonable fees and compensation for the use or occupancy of the nursing home or any part thereof, and for nursing care, medicine, attendance, or other services furnished by the nursing home.
Under the provisions of Section 198.310, RSMo, for the purpose of purchasing nursing home district sites, erecting nursing homes and related facilities and furnishing the same, building additions and repairing old buildings, the board of directors may borrow money and issue bonds. The board is required to hold an election at which qualified voters will vote for or against the loan. If two-thirds of the votes are cast for the loan, the board, subject to the restrictions of subsection 3 of Section 198.310, is vested with the power to borrow money in the name of the district to the amount and for the purposes specified on the ballot and to issue the bonds of the district for payment of the indebtedness.
Subsection 3, which was referred to, provides that the loans which are authorized shall not exceed twenty years. Subsection 3 also provides that it shall be the duty of the directors to provide for the collection of an annual tax sufficient to pay the interest on the indebtedness as it falls due and to constitute a sinking fund for the payment of the principal thereof within the time the principal becomes due.
We point out that we do not have any particular bond issue before us and therefore we are making a general statement in answer to your question without reference to any particular set of facts.
The Supreme Court of Missouri in Wunderlich v. City ofSt. Louis, 511 S.W.2d 753 (Mo.Banc 1974) held that the provisions of Section 26(f), Article VI of the Missouri Constitution, which has a similar requirement for the collection of an annual tax to pay indebtedness, was not violated by the City of St. Louis and its funding arrangement which was conceived for the purpose of financing the building of a convention center facility in St. Louis and which center was to be funded by operating revenue and certain specific tax levies. In that case the Missouri Supreme Court cited with approval a decision of the Supreme Court of California which held that the California debt limitation was not violated because a bond issue failed to contain a provision for an annual tax with which to pay the interest and principal of the debt. This was based on the theory that if a bond issue is made payable out of a specific and designated portion of the general funds of the city issuing the same and may never constitute a greater liability thereon, the specific and designated portion of the general funds constitutes the annual tax that is required by the constitutional debt limitation. Therefore, the sense of the Wunderlich holding was that limited obligation bonds funded from enumerated taxes approved by the electors, even though in part from operating revenues, were consistent with the provisions of the Missouri Constitution.
And, in Decker v. Deimer, 129 S.W. 936 (Mo. 1910), the Supreme Court of Missouri considering the propriety of the action of a county court in providing that surplus funds be used for the purchase of a courthouse site, stated at l.c. 948:
 ". . . Is not the building of a courthouse as legitimate as any other county purpose? Are bonds so desirable that the people of Missouri county [sic] must bond themselves when bonds are not necessary, or go without a courthouse? Must they levy special taxes when they have the means in the treasury to avoid such special levy? Running like a thread through the statutes is the idea of as low a rate of taxation as is compatible with the welfare of the people, and the other idea that the county's business must be done for cash. . . ."
We are of the view that revenues derived from "reasonable" fees charged by a nursing home district may be applied to retire bonds issued for the purchase of nursing home sites and for the erection of nursing homes under Section 198.310.
Section 26(a) of Article VI of the Missouri Constitution however prohibits the nursing home district from incurring indebtedness in any year in an amount exceeding in any year the income and revenue provided for in such year plus any unencumbered balances from previous years except as otherwise provided in the Constitution. Section 26(f) of Article VI of the Constitution is similar in context to Section 198.310 and requires that the district provide for the levy of an annual tax on all taxable tangible property therein sufficient to pay the interest and principal of the indebtedness as it falls due and to retire the same within twenty years. Therefore, while we view the application of revenue to retire bonds as proper, the district is without authority to incur indebtedness in violation of the above noted provisions of the Missouri Constitution.
Thus, only when the required bond expenditure is in excess of any expected year's revenue and unencumbered balances from previous years which can lawfully be applied to the bond obligation must the district collect an annual tax sufficient to pay the interest and principal of the indebtedness as they fall due. The amount of the annual levy may be determined by taking into consideration the income for the year and surplus, if any, at the time the levy is made which may be available, considering the other obligations of the district, for the retirement of the bond principal and interest as they become due.
It is therefore our view that Section 198.310 does not preclude the Department of Social Services from paying state funds to a nursing home district where such funds are to be used in the retirement of bonded indebtedness of the district.
Very truly yours,
 JOHN ASHCROFT Attorney General